(78 South. 557)

No. 21347.

WINBUSH v. TEXAS & P. RY. CO.

(April 1, 1918.   Rehearing Denied April 29, 1918.)

*(Syllabus by Editorial Staff.)*

MASTER AND SERVANT ⊙137(3)—INJURIES TO SERVANT—ACCIDENT.

Where a railroad's locomotive wiper, on the footboard of the tender of a switch engine to hang up his coat and lantern, preparatory to riding home, fell off between the rails, and was crushed by the ash pan of the engine and scalded, the railroad was not liable to him as for negligence in not having given him warning of the starting of the engine by ringing the bell, and in not having kept a better watch ahead, so as to have discovered his predicament between the rails sooner and stopped the engine; the bell having been tapped, and the engineer not having looked ahead, because his attention was momentarily turned elsewhere.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by Richard Winbush against the Texas & Pacific Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Alford & Liebler, of Alexandria (Mathews & Peters, of Winnfield, of counsel), for appellant.   William H. Peterman, of Alexandria, and Howe, Fenner, Spencer & Cocke, of New Orleans, for appellee.

PROVOSTY, J. At 7 o'clock on a drizzly September morning, after a rainy night which plaintiff had spent wiping locomotives, shoveling coal into their tenders, and seeing to their fires, plaintiff got on the footboard of the tender of a switch engine, which he had just finished attending to, and which was about to back on its way to the place where its switching work was to be done. He says that his object was to rid himself of his rain coat and lantern by hanging them there, preparatory to ascending into the cab for riding home, as he was in the habit of doing, and that as he turned to step off of the footboard, while he still had hold of a rod there, the sudden starting off of the engine threw him off. He fell between the rails, and when the ash pan of the engine reached him it crushed him badly, and escaping steam scalded him. He is much to be pitied, being a cripple for life, but not through any fault of the defendant company.

The negligence which he attributes to the defendant company is in not having given him warning, by ringing the bell or other-

wise, that the engine was about to move, and in not having kept a better watch ahead, so as to have discovered his predicament sooner and stopped the locomotive in time to avoid injuring him, as would have been possible, since he remained unhurt between the rails while the locomotive moved 36 feet, whereas it could have been stopped within 2 feet, at the slow rate it was going.

The fact of the matter is that the plaintiff had been in the employ of the defendant company and at this work only one week; that no one knew of this alleged habit of his to ride in the cab; that the very great probability is that he got upon this footboard to ride home, which was but a short distance, and probably did so merely because the road was muddy and sloppy; that he knew perfectly well that this locomotive was about to start; that standing as he was, with his back to the tender and facing the switchman, who was walking ahead to open the switch and give the signal for starting, he had as good an opportunity as any one to see the signal of the switchman and know when the engine would start; that the bell was tapped, though, possibly, at the very moment of starting; that the engineer saw plaintiff on the footboard, and had, and could have had, no reason to suppose that he was there for any other purpose than to ride, or that he would be in any danger whatever from the starting of the locomotive; that the locomotive started slowly, "eased off," as one of the witnesses says; and that it was stopped immediately upon the cries of plaintiff being heard. The reason why the engineer did not see plaintiff fall off was because he had turned his attention momentarily in another direction. There was no defect in the engine, and no neglect in its operation. To persons immediately after the accident, and to the physicians in the hospitals, plaintiff stated that he did not know how he came to fall.

The judgment appealed from, rejecting plaintiff's demand, is affirmed, at his cost.